Lee C. Henning
Rebecca J. Henning-Rutz
HENNING, KEEDY & LEE, P.L.L.C.
723 5th Ave East, Suite 100
Kalispell, MT 59901
(406) 752-7122
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DAVID DOWNS, | ) |
| Plaintiff, | ) No._____ |
| | ) |
| vs. | ) **COMPLAINT** |
| EXTRADITION TRANSPORT OF AMERICA, L.L.C. | ) |
| Defendant. | ) |

NOW COMES David Downs, through his attorneys of record, Lee C. Henning and Henning, Keedy & Lee, P.L.L.C., to make his complaint against the Defendant, Extradition Transport of America, L.L.C. (hereafter "ETA") for bodily and personal injuries sustained by Plaintiff within the State of Montana.

1. Plaintiff is a resident of the State of Arizona.

2. Defendant, ETA, is a limited liability company organized under the laws of the State of California, residing in California, that is engaged in the business of transporting prisoners for hire.

3. ETA, in the course of it business, has engaged in the business of transporting prisoners by motor vehicle to, from and through Montana, over the public roads within Montana.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

5. Venue is proper in this District based on 28 U.S.C. 1391(a), as "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

6. Venue in this Division is proper, pursuant to L.R. 3.2(b), because this Division contains " . . . a county of proper venue under the laws of the State of Montana," *i.e.*, Lewis and Clark County is a county of proper Montana venue (§25-2-122(2), M.C.A.), as ETA's agent by law (§§25-3-601-604, M.C.A.), the Secretary of State, is located in and may be served pursuant to Rule 4(e)(1) and (2)(C), F.R.C.P., in Lewis and Clark County. For the purposes of Rule 4(e)(1), F.R.C.P., the attached Exhibit A to this Complaint is an Affidavit complying with the requirements of §§25-3-601-604, M.C.A. and Rule 4(p), M.R.Civ.P.

7. Plaintiff was incarcerated in a federal correctional facility located in Iowa, when he was extradited to Montana for trial.

8.      On or about November 16, 2010, Plaintiff was delivered to the care, custody and control of ETA for the purpose of transporting him by motor vehicle from Iowa to Dillon, Montana.

9.      At the time the Plaintiff was received by Defendant for transport, on or about November 16, 2010, he was in good health and without injury.

10.     On or about November 21, 2010, Defendant's vehicle, driven by Defendant's employees, ran off the road in Montana, nearly flipping over.

11.     When the vehicle ran off the road, Plaintiff, who was restrained and could not protect himself from injury, was tossed about inside the vehicle and sustained broken bones, injury to his shoulder and other injuries.

12.     No action, or inaction, of Plaintiff caused ETA's vehicle to run off the road.

13.     As the circumstances were beyond the control of Plaintiff, no action, or inaction, of Plaintiff caused the broken bones and other injuries referred to in paragraph 11.

14.     Immediately after his injury, Plaintiff requested medical care, but was told by Defendant's employees that he would have to wait until he reached his destination.

15.     On or about November 22, 2010, Defendant delivered Plaintiff to the Beaverhead County Detention Center at Dillon, Montana, but not in the same healthy and uninjured condition as when he was originally received for transport.

16. Plaintiff's injuries were caused by, and were the result of, the want of due care and negligence on the part of ETA and/or ETA's employees, agents and servants, for whom ETA is responsible.

17. As may be shown at trial, Plaintiff suffered: bodily injury; mental suffering related to the bodily injury; medical expenses, including continuing and future expenses; pain and suffering; and other damages.

18. Defendant's website asserts Defendant is "insured." Prior to commencing this action, Plaintiff's counsel repeatedly made claim upon Defendant, requesting, in writing and by telephone, insurance information in order to present a claim to Defendant's insurers for medical payments, as appropriate, or for advance-payment as provided by Montana law. Defendant never provided the requested insurance information, or otherwise responded to Plaintiff's claim.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for all damages, costs, interest and attorney's fees as may be just and appropriate.

DATED September 12, 2012.

Respectfully Submitted,

/s/ Lee C. Henning

_____
Lee C. Henning
Henning, Keedy, & Lee P.L.L.C.
723 5th Ave. E, Suite 100
Kalispell, Montana 59901
Telephone: (406) 752-7122
Facsimile: (406) 752-3367
Email: lee@grizzlylaw.com
ATTORNEYS FOR PLAINTIFF

Exhibit A: Affidavit relating to §§25-3-601-604, M.C.A., Rule 4(p), M.R.Civ.P., Rule 4(e)(1) and (2)(C), F.R.C.P.